659 F.2d 1012
 UNITED STATES of America, Plaintiff-Appellee,
v.
Rudolph Marquest TORRES, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Luis BUENROSTRO, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Stephen MONTES, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ernesto Lopes SALSEDO, Defendant-Appellant.
 Nos. 81-1023 to 81-1025 and 81-1152.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Sept. 17, 1981.
Decided Oct. 22, 1981.
 
 William J. Owen, Sacramento, Cal., for Salsedo.
 Julian C. Macias, Asst. U.S. Atty., Sacramento, Cal., for the United States.
 Steven D. Bauer, Sacramento, Cal., for Torres.
 John F. Bowman, Fair Oaks, Cal., for Buenrostro.
 Sandra Gillies, Asst. Federal Defender, Sacramento, Cal., for Montes.
 Appeal from the United States District Court for the Eastern District of California (Sacramento).
 Before GOODWIN and REINHARDT, Circuit Judges, and HOFFMAN,* Senior United States District Judge.
 PER CURIAM:
 
 
 1
 Defendants were convicted of violations of 18 U.S.C. § 471 (manufacture of counterfeit federal reserve notes). Defendant Salsedo was also convicted of a violation of 18 U.S.C. § 472 (possession and concealment of counterfeit federal reserve notes). On appeal, defendants challenge the rulings of the district court on a number of suppression motions.
 
 
 2
 Defendants challenge the legality of the arrest of defendants Torres, Montes, and Buenrostro and the search and seizure of a paper bag and its contents found on the console of the car which those defendants were in at the time of the arrest. The district court carefully analyzed the facts and found that there was probable cause for the arrest and that the search and seizure was lawful. The district court's opinion is published at 504 F.Supp. 864 (E.D.Cal.1980). We agree with the district court's findings, substantially for the reasons set forth in the opinion below. Moreover, the test on appeal is whether the district court's findings were clearly erroneous. United States v. Hart, 546 F.2d 798, 801 (9th Cir. 1976) (en banc). We hold that they were not.
 
 
 3
 Defendants raise a number of objections to other rulings and findings of the district court which are set forth in the opinion below. We are in general agreement with the district court's ruling and findings, substantially for the reasons expressed in its opinion. In any event, none is clearly erroneous, with one possible exception. Salsedo was arrested as he approached his locked vehicle with keys in hand. He contends that the subsequent search and seizure of the car was unlawful. The search and seizure produced a receipt for printing supplies. A review of the record reveals that, in light of the other evidence of Salsedo's guilt, the admission of the receipt into evidence, if erroneous, constituted harmless error. See Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).
 
 
 4
 AFFIRMED.
 
 
 
 *
 Hon. Walter E. Hoffman, Senior United States District Judge, Eastern District, Virginia, sitting by designation